# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ISTVAN RUZSA,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　　　**Case No: 6:16-cv-1203-Orl-18KRS**

**DEPARTMENT OF FINANCIAL SERVICES,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (SHORT FORM)** (Doc. No. 2)
>
> **FILED:** July 1, 2016

On July 1, 2016, Plaintiff Istvan Ruzsa filed a complaint against the Florida Department of Financial Services. Doc. No. 1. Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), which I construe as a motion to proceed *in forma pauperis*. Doc. No. 2. That motion was referred to me for issuance of this Report and Recommendation, and the matter is now ripe for review.

While Plaintiff's complaint is rambling and largely unintelligible, it appears to generally concern his workers' compensation benefits and a related fraud report under section 440.1051, Florida Statutes. Doc. No. 1, at 1. Contrary to Plaintiff's suggestion that his complaint gives rise

to federal question jurisdiction under 28 U.S.C. § 1331, Doc. No. 1-1, Plaintiff references only state workers' compensation laws and state statutes in the allegations of his complaint. Accordingly, Plaintiff has failed to plead any claim within this Court's jurisdiction, and his complaint should be dismissed. *See, e.g.*, *Earley v. Liberty Life Assur. Co.*, No. 8:13-cv-1099-T-17TGW, 2013 U.S. Dist. LEXIS 159630, at *9 (M.D. Fla. Nov. 7, 2013) ("The Court does not have jurisdiction as to any challenge to the resolution of Plaintiff's worker's compensation claim . . . .").

Ordinarily, a court should allow a *pro se* plaintiff one opportunity to file an amended complaint if it appears that the plaintiff may be able to state a cognizable cause of action over which the court has subject matter jurisdiction. *See, e.g., Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010).[1] However, "[t]he U.S. Supreme Court has held that undue delay and futility are adequate bases for denying leave to amend." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Id.* at 1320. Here, it appears that permitting Plaintiff to file an amended complaint would be futile because Plaintiff raises no federal question and has affirmatively shown, given his acknowledgement that he is a citizen of Florida, *see* Doc. No. 1-1, that the Court may not exercise diversity jurisdiction in this matter. Accordingly, Plaintiff should not be afforded leave to file an amended complaint.

In light of the foregoing, I respectfully **RECOMMEND** that the Court **DISMISS without prejudice** Plaintiff's complaint (Doc. No. 1), **TERMINATE** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2), and, thereafter, **DIRECT** the Clerk of Court to close the file.

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 11, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy